IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARRIOTT INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOES 1–10,<br><br>    Defendants. | Civil Action No. 1:21-cv-00610-AJT/JFA |

**PLAINTIFF'S STATUS REPORT**

Plaintiff Marriott International, Inc. ("Marriott"), by counsel, provides this Status Report pursuant to this Court's Order dated January 5, 2022 (Dkt. 14).  As set forth in detail below, Marriott has engaged in extensive efforts to investigate a complex and tangled web of multiple international and domestic entities, all potential parties responsible for tens of millions of robocalls that infringe on Marriott's brand name, while also causing significant disruption to consumers' phone lines and, in certain instances, substantial consumer monetary loss.  Since Plaintiff's Report to the Court on January 3, 2022 (Dkt. 13), Marriott's efforts have included service of an additional <u>ten</u> subpoenas to recently identified domestic and international entities.

Marriott has experienced some resistance from subpoena recipients who may be affiliated with the John Doe Defendants.  Multiple subpoenaed entities have produced no responsive documents, forcing Marriott to engage in various ways with those entities in an effort to obtain compliance with lawful subpoenas.  Nevertheless, while still pursuing responsive data and continuing to analyze the *millions of data points produced by the domestic and international subpoenaed parties*, **Marriott intends to amend its Complaint on or before April 29, 2022**, and

in such amended complaint, Marriott will name several John Doe defendants and will commence service of those defendants.

At this time, Marriott: (1) respectfully **requests a brief status conference with the Court on a date prior to April 29, 2022** to ensure that Marriott proceeds with an amendment consistent with the Court's preferences (e.g., whether the Court prefers to proceed against multiple defendants in a single proceeding, how to address confidentiality issues, etc.); and (2) pursuant to Fed. R. Civ. P. 4(m) and for the good cause set forth below and in its Motion for Extension of Time served herewith, **requests until May 30, 2022 to serve the U.S.-based defendants to be named** in the forthcoming amended complaint.

## Case Background

1. As the Court is aware, Marriott brought this novel lawsuit to shield consumers from abusive and deceptive telemarketing practices and to protect the goodwill associated with the world-famous Marriott name and trademark. *See id*. ¶ 13 (string cite). Marriott and its customers have suffered substantial harm as a result of the Doe Defendants' illicit robocalls. *See id*. ¶ 14.

2. The Doe Defendants who are perpetrating the robocall scams at issue in this case have undertaken great efforts to conceal their identity, including by using privacy services, engaging in certain calling practices to mask their illegal robocalls, supplying false or misleading identification information to service providers, and working through multiple layers of intermediaries. *See id*. ¶ 15-16.

3. The Doe Defendants' extensive efforts to conceal their identities have required Marriott to issue over forty (40) subpoenas to obtain as much identifying information as possible in seeking to unmask the true responsible parties.

4. While much progress has been made, Marriott's investigation into the identities of

the Doe Defendants continues. During the course of the investigation, Marriott has determined that some potential Doe Defendants appear to have intertwined relationships with one another, and current evidence suggests that other potential Doe Defendants are involved. With respect to the potential Doe Defendants Marriott has identified, they include entities based outside of the United States who are targeting U.S. consumers including consumers in the District. In analyzing these entities' relationships, Marriott has reviewed and analyzed, *inter alia*, over one billion Call Detail Records ("CDRs")[1] from various service providers, contracts, payment records, and communications between consumers and entities. These voluminous CDRs obtained from multiple voice service providers reflect inbound and outbound calls from telephone numbers within and outside of the United States. Marriott has learned that numerous live customer service representatives ("CSRs") behind the calls advise that they are affiliated with domestic, international, or both domestic and international entities, and that they themselves are either located in or outside of the United States. As part of the scam, the CSRs advertise stays at resorts located in and outside of the United States and reference Marriott to legitimize the scheme. A subset of those consumers reside in this District and ultimately purchased packages or promotions, and some victims have disclosed payment records, which reflect that payments have been routed through U.S.-based payment processors or payment processors located abroad. Marriott confirmed this information through multiple witness interviews and from evidence obtained from victims. Marriott expects to identify other connections and untangle this complex web of relationships through additional investigation and further analysis of documentation produced and to be produced in response to discovery.

---

[1] CDRs can determine the identity of the Doe Defendants in that they provide detailed information about each call's point of origin, the telephone numbers of the callers themselves, as well as the date, time, and duration of each call.

5. Marriott continues to believe that public release of too much information at this stage could significantly hinder its ability to identify additional Doe Defendants, to uncover the respective relationships between potential Defendants, and to obtain full compliance with outstanding subpoenas. Given the significant potential for an adverse impact to Marriott (and consumers in this District) that such disclosure would likely have to its ongoing investigation efforts, Marriott does not believe it can, at this time, disclose on the public docket the results of its investigation. To the extent the Court desires, Marriott will supply additional information *in camera* upon request, but believes the discussion herein supplies the necessary good cause.

## Discovery Status

6. In its efforts to move expeditiously in this matter, Marriott simultaneously filed its Complaint as well as a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, to uncover the identity of the Doe Defendants. Dkt. Nos. 3 and 4.

7. On May 24, 2021, the Court granted Marriott's motion, permitting Marriott to "immediately serve Rule 45 subpoenas to telephone-gateway service providers, toll-free number issuers, and domain-name registrars, website hosts, and privacy services, and other entities providing services to Defendants John Does 1-10 to identify their names, addresses, telephone numbers, payment mechanisms, and any email addresses or other identifying attributes." *See* Dkt. 9.

8. To counter the Doe Defendants' efforts to conceal their identities, Marriott has diligently pursued the discovery of their identities by serving no less than 44 subpoenas including subpoenas to: (1) the domain name registrar (GoDaddy.com, LLC) associated with the Doe Defendants' ten infringing websites; (2) a website hosting service associated with a timeshare exchange operator (Nocix, LLC); (3) "private" registration services (Domains by Proxy and

secureserver.net) used to conceal the identity of the Doe Defendants operating the domain names attached to the infringing websites; (4) two voice service providers; (5) three carriers (AT&T, T-Mobile, and Verizon); (6) toll-free number issuers and RespOrgs, which are companies that maintain the registration for individual toll-free telephone numbers (Bandwidth, RingCentral, Five9, Inc., Voxeo, Incontact, Inc., Intrado Communications, LLC, Genesys Cloud Services, Century Link, CallCentric, Inteliquent, Syndeo, LLC); (7) other entities identified by Marriott as providing services to, and/or helping carry out, the Doe Defendants' scam, which included a payment processor, several timeshare resorts, a timeshare resort group, timeshare exchanges, timeshare reservation operators, timeshare marketing organizations, the telemarketers associated with one of the timeshare resort operators, a registered agent of a potential Doe Defendant who is an accountant by trade; and (8) the Industry Traceback Group, which is the FCC's registered Traceback Consortium.

9. Of the subpoenas served since Marriott's most recent filing, Marriott received objections but no responsive documents from a timeshare resort, three timeshare marketing organizations, a timeshare exchange company, two timeshare resort groups, and a registered agent. One previously subpoenaed entity providing services to timeshare resort operators requested additional time. Although other subpoenaed entities initially expressed a willingness to comply, Marriott now believes it will need to compel production of the responsive materials.

10. Assembling and analyzing the various information and data points received in response to the subpoenas over the last several months, Marriott has worked and continues to work diligently to identify individuals to be served and potential physical addresses to effectuate service. Although not all subpoenaed entities have responded, Marriott has, to date, identified three categories of putative defendants.

11. First, Marriott discovered potential domestic defendants—those with U.S. physical addresses that appear valid. Second, Marriott discovered foreign defendants associated with apparently valid foreign physical addresses. Third, Marriott identified the addresses or names for several of the defendants but is currently unable to validate those persons' identities and/or physical addresses without further investigation. Marriott is proceeding diligently in this highly complex and first-of-its kind case to identify the John Doe Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff Marriott International, Inc., requests that the Court schedule a status conference in advance of April 29, 2022, by which time Marriott intends to file an amended complaint naming several defendants, and extend the time for service of those defendants until May 30, 2022, pursuant to Fed. R. Civ. P. 4, and grant such further relief as this Court deems proper.

Dated: March 31, 2022

MARRIOTT INTERNATIONAL, INC.
By counsel

By:   /s/ *Attison L. Barnes, III*
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (for *pro hac vice)*
Kevin G. Rupy (for *pro hac vice*)
Duane C. Pozza (for *pro hac vice*)
Stacey J. LaRiviere (VA Bar No. 92354)
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law
dweslow@wiley.law
krupy@wiley.law
dpozza@wiley.law
slariviere@wiley.law

*Counsel for Plaintiff*
*Marriott International, Inc.*