IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARRIOTT INTERNATIONAL, INC.,<br><br>　　　Plaintiff,<br><br>v.<br><br>JOHN DOES 1–10,<br><br>　　　Defendants. | Civil Action No. 1:21-cv-00610-AJT/JFA |

### MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS

Plaintiff Marriott International, Inc. ("Marriott"), by counsel, pursuant to Federal Rule of Civil Procedure 4(m) and this Court's January 5, 2022 Order file this Memorandum in Support of its Motion for Extension of Time until May 30, 2022 to serve the U.S.-based defendants to be named in Marriott's Amended Complaint,[1] and in support thereof, states as follows:

　　1.　　On March 18, 2021, Marriott filed this novel lawsuit to shield consumers from abusive and deceptive telemarketing practices and to protect its own goodwill.  *See* Dkt. 1 ¶ 13 (string cite).  Marriott, its customers, and other consumers have suffered substantial harm at the receiving end of tens of millions of robocalls for which the Doe Defendants are responsible.  *See id*. ¶ 14.  The Doe Defendants have concealed their identities, causing Marriott to proceed at great effort to expose those who have caused the harm alleged in the Complaint.

　　2.　　In its efforts to move expeditiously in this matter, Marriott simultaneously filed

---

[1] As set forth in its Status Report filed herewith, Marriott intends to file an Amended Complaint on April 29, 2022, which it may do as a matter of right pursuant to Fed. R. Civ. P. 15.  Marriott will move expeditiously to complete service and notes that some of the likely defendants reside outside of this District.

with its Complaint a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference so as to uncover the identity of the Doe Defendants.  *See* Dkt. Nos. 3 and 4.

3. Through the discovery process, Marriott learned the extent to which the Doe Defendants have sought to conceal their identities, including but not limited to the use of privacy services, engaging in certain calling practices to mask their illegal robocalls, supplying false or misleading identification information to service providers, and working through multiple layers of intermediaries.  *See* Dkt. 1 ¶ 15-16.

4. On May 24, 2021, the Court granted Marriott's motion, permitting Marriott to "immediately serve Rule 45 subpoenas to telephone-gateway service providers, toll-free number issuers, and domain-name registrars, website hosts, and privacy services, and other entities providing services to Defendants John Does 1-10 to identify their names, addresses, telephone numbers, payment mechanisms, and any email addresses or other identifying attributes."  *See* Dkt. 9.

5. Commencing with pre-Rule 26(f) conference discovery, Marriott has issued forty-four (44) subpoenas to obtain as much identifying information as possible to unmask the responsible parties.

6. Marriott furnished updates to the Court on November 5, 2021, and January 3, 2022, outlining the extensive effort undertaken to determine the identity of the Doe Defendants.  *See* Dkt. Nos. 11 and 13.

7. In light of those filings, and the status report filed contemporaneously herewith, good cause exists to grant Marriott's motion.  *See Taylor v. Hunter*, No. 3:15-cv-635, 2016 WL 6821782, at *2 (E.D. Va. Nov. 15, 2016) ("As a general proposition, time for extending service under the applicable good cause standard necessitates a finding that the 'plaintiff has made

reasonable, diligent efforts to effect service of the defendant.'") (internal citation omitted). Attached as Exhibit 1 is a Proposed Order granting an extension of time. Marriott requests that the Court grant the requested extension and enter the Proposed Order.

8. Marriott also requests a status conference with the Court before April 29, 2022, the date on which Marriott intends to file its Amended Complaint.

WHEREFORE, Marriott, by counsel, requests that this Court grant an extension of time until May 30, 2022 to serve the U.S.-based defendants[2] (to be named in an amended complaint on or before April 29, 2022), set a status conference on a date prior to April 29, 2022, and grant such further relief as this Court deems proper.

Dated: March 31, 2022

MARRIOTT INTERNATIONAL, INC.
By counsel

By: /s/ *Attison L. Barnes, III*
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (for *pro hac vice*)
Kevin G. Rupy (for *pro hac vice*)
Duane C. Pozza (for *pro hac vice*)
Stacey J. LaRiviere (VA Bar No. 92354)
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law
dweslow@wiley.law
krupy@wiley.law
dpozza@wiley.law
slariviere@wiley.law

*Counsel for Plaintiff*
*Marriott International, Inc.*

---

[2] In addition to U.S.-based defendants, the amended complaint may name defendants based outside of the U.S. for whom the time limit of service under Federal Rule of Civil Procedure 4(m) does not apply.