IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MARRIOTT INTERNATIONAL, INC.,

    Plaintiff,

v.

DYNASTY MARKETING GROUP, LLC, *et al.*,

    Defendants.

Civil Action No. 1:21-cv-00610-AJT/JFA

## JOINT RULE 26(f) DISCOVERY PLAN

Plaintiff Marriott International, Inc. ("Marriott"), Defendants Rapid Eagle Inc., d/b/a VoIP Essential ("Rapid Eagle"), Whisl Telecom, LLC ("Whisl"), and ResortCom International, LLC ("ResortCom") (collectively, the "Parties"),[1] by counsel, and pursuant to Fed. R. Civ. P. 26(f) and this Court's June 22, 2022 Scheduling Order, see Dkt. 58, submit this Joint Discovery Plan.

**A.**     **Certification of Rule 26(f) Conference**

Counsel for the Parties have conferred regarding the matters set forth in Rule 26(f). Counsel for the Parties have discussed the nature and basis of their claims and defenses and discussed possible settlement.

---

[1] These Parties have entered an appearance in this matter. To the extent other parties enter an appearance in the interim, they will be provided a copy of this proposed Discovery Plan. As Marriott's counsel previously mentioned to the Court, service of process on foreign defendants (e.g., in Mexico through the Mexican Central Authority) can take many months, although Marriott is continuing to pursue means to expedite the process.

B.     **Settlement Conference**

To the extent the Court's assistance is needed, the Parties will contact the Court to arrange settlement conferences.

C.     **Consent to Proceed before a Magistrate Judge**

At this time, the Parties do not agree to proceed before a magistrate judge.

D.     **Initial Conference**

Marriott requests that the Court proceed with the Rule 16(b) initial conference scheduled for July 13, 2022 at 11:00 a.m. to address, among other things: (1) scheduling in light of the time required to serve Mexico-based defendants through the Mexico Central Authority under the Hague Convention and how the Court prefers to proceed if service of foreign defendants is considerably slower; (2) a comprehensive protective order governing all defendants for efficiency reasons; and (3) the timing for joinder of additional defendants.

E.     **Discovery Plan**

Pursuant to this Court's June 22, 2022 Order, the Parties propose the following discovery plan:

1.     **Rule 26(a)(1) Initial Disclosures (Rule 26(f)(3)(A)).**  The Parties will exchange their Rule 26(a)(1) initial disclosures on or before July 27, 2022.

2.     **Amended Pleadings and Additional Parties.**  The Parties agree that motions seeking leave to amend pleadings and/or adding new parties shall be filed by September 1, 2022.

3.     **Scope of Discovery (Rule 26(f)(3)(B)).**  The Parties anticipate that discovery will be needed on all claims and defenses asserted by the Parties in the pleadings filed with the Court.

4.     **Completion of Discovery (Rule 26(f)(3)(B)).**  As set forth in the Court's June 22, 2022 Order, discovery is set to close on November 11, 2022.  To the extent that service on foreign

defendants impacts the discovery schedule, Marriott will keep the Court apprised so that adjustments can be made as needed.

<u>Position of Defendants Whisl Telecom, LLC, Rapid Eagle, Inc. and ResortCom International, LLC</u>: While discovery is currently set to close on November 11, 2022 pursuant to the Court's June 22, 2022 Order, these Defendants assert that there is good cause for this Order to be modified and will so move this Court for an appropriate modification staying discovery between Plaintiff and these Defendants pending the Court's disposition of their pending, fully dispositive motions. These Defendants assert that this modification is appropriate, will promote judicial efficiency and will not prejudice any party in light of the fact that: i) not all defendants have been served and Plaintiff may have to seek to modify this case's discovery schedule at a later point in time; ii) that service on numerous other defendants has not yet occurred due to the fact that they are located outside the United States and must be served through the Mexico Central Authority under the Hague Convention; and iii) Plaintiff has served at least three subpoenas duces tecum on non-parties as it continues to seek the identity of third parties that it may add to this lawsuit. A stay of discovery between Plaintiff and these Defendants is particularly appropriate here because they each have already filed fully dispositive motions to dismiss all of Plaintiff's claims against them, and the Court has already set those motions for hearing on August 12, 2022. Plaintiff will be able to continue third-party discovery and discovery between any other parties that have appeared, such that Plaintiff will not be prejudiced (and, indeed, it has already received voluminous data about these Defendants from subpoenas it has already served in this case). A new Scheduling Order entered once all parties are served and properly before this Court will best serve all parties and promote judicial efficiency.

Marriott's Response: Marriott does not believe it is necessary to alter the Court's schedule at this time. In addition, discovery should not be stayed as to these defendants because, among other things, Marriott believes these defendants possess evidence that will be used in this case whether or not these defendants are parties (although Marriott firmly believes that Whisl, Rapid Eagle, and ResortCom should remain defendants as Marriott will demonstrate in its opposition papers) because the evidence will apply to multiple defendants.

5. **Electronically Stored Information (Rule 26(f)(3)(C)).** The Parties discussed disclosure and/or discovery of electronically stored information as required by Rule 26(f). As pertains to discoverable information which may be in electronic format, counsel agreed as follows:

a. The Parties may request, in their document requests and other written discovery, that information stored in electronic form be produced in electronic form pursuant to the requirements and conditions described in Fed. R. Civ. P. 34.

b. Absent an agreement of the Parties, a Party shall have no obligation to transfer information that is not stored in an electronic format into an electronic format for purposes of discovery.

c. Disclosure or production of electronically stored information will be limited to data reasonably available to the Parties in the ordinary course of business.

d. For electronically stored information, the Parties will work cooperatively to reach agreement regarding search terms that are reasonably calculated to lead to the discovery of admissible evidence, including identifying individuals whose communications should be searched, and date ranges for proposed searches.

e.  The Parties agree that a notice of electronic filing through this Court's CM/ECF PACER system shall be sufficient for both service and delivery of the filing on the date filed. The Parties also agree to serve and accept by e-mail all discovery requests and written responses and any other papers that are not filed with the Court.  The serving Party shall attach the pleading or paper in "Portable Document Format" (".pdf") or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be sent via electronic file transfer service with a link to download the materials or served by hand delivery or by overnight delivery via a service with the ability to "track" deliveries and verify receipt.  If service by overnight courier has been used for these papers, it will be the equivalent of service by hand on the day of receipt.  Service by e-mail or via electronic file transfer service will be effective on the day of transmission.  Service by email made on a Saturday, Sunday or federal holiday shall be effective as service on the next day that is not a Saturday, Sunday or federal holiday.  In order for pleadings or discovery to be considered served by email or electronic file transfer service under this agreement, the entire pleading or discovery, including attachments, must be included in the email(s) and all parts of the transmittal must be received or made available for download on the date specified for the pleading or discovery to be considered served on that date.  A Party may elect to produce documents (such as documents being produced in discovery) by hand-delivery rather than by email, but in that case the date of service is the date of the delivery.

f.  Service by email is not effective if the Party making service receives any type of communication or notice that the document(s) being served was/were not received

by the intended recipient's computer. In such a case, service must be made as soon as practicable after receipt of such communication.

6. **Privilege or Protection (Rule 26(f)(3)(D)).** The Parties discussed issues relating to privilege or protection of trial preparation materials as required by Rule 26(f)(3). The Parties are unaware of any issues associated with claims of privilege or of protection as trial preparation materials that would necessitate a separate order from this Court and that could not be handled through the procedures already available under the Federal Rules of Civil Procedure and the Local Civil Rules, except for the Parties' intent to prepare and submit a Protective Order to govern document production in this case. In addition, either Party may serve a privilege log pursuant to Rule 26(b)(5) no later than fifteen (15) calendar days after each document production; provided however, the Parties agree that privilege logs need not include privileged and work product communications with counsel of record as of the date they were engaged to prosecute or defend this litigation. The inadvertent production of documents or information that the producing Party contends is privileged or protected, shall not be deemed a waiver of any privilege or protection in any state or federal proceeding. The receiving Party shall promptly return such material (and all copies thereof) or certify its destruction.

7. The Parties also discussed issues relating to the preservation of discoverable information. The Parties have taken steps to preserve all records, hard copy and electronic, that they have regarding the matters described in the First Amended Complaint and any defenses thereto. The Parties shall take reasonable steps to prevent the partial or full destruction, alteration, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of all documents, data and tangible things reasonably anticipated to be subject to discovery in this action under Fed. R. Civ. P. 26, 45, and 56(e). The Parties recognize that the duty to preserve evidence

relevant to this action extends to documents, data, and tangible things in the possession, custody, and control of the Parties to this action, and any employees, agents, contractors, carriers, or bailees, who possess materials reasonably anticipated to be subject to discovery in this action. If the business practices of any party involve the routine destruction, recycling, overwriting, relocation, or mutation of any materials that are reasonably anticipated to be subject to discovery, the Party shall, to the extent practicable for the pendency of this action, either: (1) halt such business processes; (2) sequester or remove such material from the business process; or (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery, if requested.

8. **Limitations on Discovery (Rule 26(f)(3)(E)).** The Parties are not aware of any factors at this time that would require a change in the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or this Court's June 22, 2022 Order other than those set forth above.

9. **Protective Order (Rule 26(f)(3)(F)).** The Parties intend to seek a protective order with respect to confidential proprietary or personnel information that is required to be disclosed during discovery. The Parties further agree that any proposed protective order will not provide for the automatic sealing of documents, and the Parties will follow the applicable procedures to the extent motions to seal are appropriate.

10. **Expert Disclosures (Rule 26(a)(2)).** Subject to the Court's preferences on how to handle scheduling of due dates following service or process on foreign defendants, reports from retained experts under Rule 26(a)(2) will be issued by the Party bearing the burden of proof on an issue by September 23, 2022. Reports from retained experts solely for the purpose of rebuttal will be issued by October 21, 2022.

11. The parties agree that papers may not be served herein by facsimile.

12. The parties agree to serve each other with all third-party subpoenas at the time of issuance.

Date: July 6, 2022

MARRIOTT INTERNATIONAL, INC.
By counsel

/s/ Attison L. Barnes, III
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (for *pro hac vice*)
Kevin G. Rupy (for *pro hac vice*)
Duane C. Pozza (for *pro hac vice*)
Stacey J. LaRiviere (VA Bar No. 92354)
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law
dweslow@wiley.law
krupy@wiley.law
dpozza@wiley.law
slariviere@wiley.law

*Counsel for Plaintiff*
*Marriott International, Inc.*


/s/ Mitchell N. Roth
Mitchell N. Roth (VA Bar No. 35863)
Roth Jackson Gibbons Condlin, PLC
8200 Greensboro Drive, Suite 820
McLean, VA 22102
T: (703) 485-3536
mroth@rothjackson.com

Joseph P. Bowser (VA Bar No. 88399)
Roth Jackson Gibbons Condlin, PLC
1519 Summit Ave., Suite 102
Richmond, VA 23230
Tel: (804) 441-8701
jbowser@rothjackson.com

*Counsel for Defendants Rapid Eagle Inc. d/b/a VoIP*
*Essential and Whisl Telecom, LLC*

/s/ Charles M. Sims
Charles M. Sims (VA Bar No. 35845)
C. Quinn Adams (VA Bar No. 90506)
Lilias M. Gordon (VA Bar No. 94767)
O'Hagan Meyer PLLC
411 East Franklin St.
Suite 500
Richmond, VA 23219
Tel: (804) 403-7111
Tel: (804) 403-7100
csims@ohaganmeyer.com
lgordon@ohaganmeyer.com

Dana J. Finberg (VA Bar No. 34977)
O'Hagan Meyer PLLC
221 Caledonia Street
Sausalito, CA 94965
Tel: (415) 578-6902
dfinberg@ohaganmeyer.com

*Counsel for Defendant ResortCom International, LLC*