**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

MARRIOTT INTERNATIONAL, INC.,

     Plaintiff,

v.

DYNASTY MARKETING GROUP, LLC,
*et al.*,

     Defendants.

Civil Action No. 1:21-cv-00610-AJT/JFA

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE**
**SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTIONS TO DISMISS**

Plaintiff Marriott International, Inc. ("Marriott") by counsel, files this Memorandum in Support of its Motion for Leave to file Supplemental Authority[1] to provide the Court with recent authority ***decided after this Court heard oral argument*** on the pending motions to dismiss filed by Defendants Whisl Telecom, LLC ("Whisl") and Rapid Eagle Inc., d/b/a VoIP Essential ("Rapid Eagle") (collectively "Defendants").

1.     The attached proposed Supplemental Authority is necessary to inform the Court's ruling on the pending Motions to Dismiss filed by Defendants. *See Perry-Bey v. City of Norfolk,* 678 F. Supp. 2d 348, 374 (E.D. Va. 2009) (noting supplemental briefing may be permitted if it "would aid in the decisional process"); *see, e.g.*, *Minnieland Private Day School, Inc. v. Applied*

---

[1] Prior to filing this Motion for Leave, undersigned counsel contacted counsel for Defendants to determine whether this motion could be filed as a consent motion with a waiver of hearing. Defense counsel stated that: (1) the Defendants will not oppose Marriott's submission of the recent decision referenced in this Motion; (2) no additional hearing is necessary; and (3) the Defendants reserve the right to address any additional briefing Marriott files.

*Underwriters Captive Risk Assurance Co.,* No. 1:15-cv-1694, 2016 WL 7199729, at *1 n.2 (E.D. Va. Nov. 13, 2020) (granting motion for leave to file supplemental authority).

2.      In their Motions to Dismiss and again at oral argument, Defendants argued that they are common carriers exempt from FTC regulation.

3.      Rapid Eagle made this same argument in a motion to dismiss a lawsuit filed by the State of Indiana alleging that Rapid Eagle violated the Telemarketing Sales Rule.  Complaint, *Indiana v. Startel Comm. LLC*, No. 3:21-cv-00150 (S.D. Ind. 2021), Dkt. 1.

4.      On September 9, 2022, the Indiana court denied Rapid Eagle's motion to dismiss, rejecting arguments virtually identical to those made by Defendants before this Court, and the court specifically held that Rapid Eagle is not a common carrier.

5.      Marriott believes this Motion is proper because the Court should have an opportunity to review this recent authority as it considers the Defendants' Motions to Dismiss in this matter.

6.      Attached hereto as **Exhibit A** is a copy of Marriott's proposed Supplemental Authority, which totals less than three (3) substantive pages, as well as a copy of the court's decision in *Indiana v. Startel Comm. LLC*, No. 3:21-cv-00150 (S.D. Ind. 2021).

For these reasons, Marriott respectfully requests that the Court grant its Motion for Leave to File Supplemental Authority to provide the Court with recent authority.

Dated:  September 21, 2022                    MARRIOTT INTERNATIONAL, INC.
                                              By counsel


                                              /s/ Attison L. Barnes, III
                                              Attison L. Barnes, III (VA Bar No. 30458)
                                              David E. Weslow (for *pro hac vice*)
                                              Kevin G. Rupy (for *pro hac vice*)
                                              Duane C. Pozza (for *pro hac vice*)
                                              Stacey J. LaRiviere (VA Bar No. 92354)

WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law
dweslow@wiley.law
krupy@wiley.law
dpozza@wiley.law
slariviere@wiley.law

*Counsel for Plaintiff*
*Marriott International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record and mailed first class, postage prepaid, to all remaining parties as follows:

Oficinas Parrott Caribbean S.A. de C.V.
MONTECITO 38 PISO 33 OFICINA21
Napoles Benito Juárez 3810

Deep Blue Desarrollos S de R.L. de C.V.
d/b/a Vallarta Gardens Private Beach Club &
Spa Private Residence Club
Paseo Diaz Ordaz No. 530, Centro, Puerto
Vallarta

Club Caribe Villa Del Palmar S.A. de C.V.
Xcaret, Manzana 2, Lote 5, Local 20,
Supermanzana 35, Benito Juárez, Quintana Roo

Cancun Ink Corp. S.A. de C.V.
ROSAS NO22 MZA. 24 SM. 22, Cancun
Centro 77500 Benito Juarez, Quintana Roo

/s/ *Attison L. Barnes, III*
Attison L. Barnes, III (VA Bar No. 30458)
Wiley Rein LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law

*Counsel for Plaintiff Marriott International, Inc.*