IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARRIOTT INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DYNASTY MARKETING GROUP LLC,<br>*et al.*,<br><br>    Defendants. | Civil Action No. 1:21-cv-00610-AJT/JFA |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS THIRD MOTION TO COMPEL DISCOVERY FROM DEFENDANT DYNASTY MARKETING GROUP LLC AND FOR SANCTIONS**

Plaintiff Marriott International, Inc. ("Marriott"), by counsel and pursuant to Fed. R. Civ. P. 37 and the Local Rules of this Court, submits this Memorandum in Support of its Third Motion to Compel and for sanctions against Defendant Dynasty Marketing Group LLC ("Defendant") for continued failure to comply with the Court's directions.

**CERTIFICATE OF GOOD FAITH EFFORT**

Undersigned counsel has satisfied the requirements of conferring in good faith in an effort to resolve the dispute without court intervention. Marriott incorporates the descriptions of its prior conferral efforts with Defendant set forth in its memorandums in support of its First and Second Motions to Compel. *See* Dkt. Nos. 119 and 131. In its October 28th order on Marriott's Second Motion to Compel, the Court noted that Defendant's failure to "provide full and complete responses to [Marriott]'s discovery requests by November 2, 2022 . . . may result in default being entered. . . on the issue of liability." Counsel for Marriott scheduled a meet and confer with counsel for Defendant at 11:30 a.m. on November 2, 2022 to discuss Defendant's impending responses.

That conferral indicated and Defendant's subsequent supplemental responses and production confirmed that the discovery deficiencies with Defendant's written responses and document production remained uncured. Defendant did not provide written responses to all document requests, provided incomplete interrogatory responses, and did not produce all responsive documents. Counsel for Marriott informed counsel for Defendant that Marriott would seek relief from the Court. *See* Ex. A (Nov. 2, 2022 email).

With respect to the failure of Defendant's representative Brooke Sutton to appear for deposition (after coordination with defense counsel on dates as of October 18, 2022 and sent formal written deposition notice dated October 27, 2022[1]), undersigned counsel discussed the matter with Defendant's counsel on November 3, 2022, after which defense counsel made efforts to contact his client. Counsel, as well as a court reporter and videographer, agreed to wait for a reasonable time for the witness to appear, but by 2:15 p.m. on November 3, 2022, no witness appeared. Counsel for Marriott again discussed the matter with Defendant's counsel where it was discussed that Marriott would need to file this motion. Over the last 24 hours, undersigned counsel has not received any additional information or explanation for the witness' failure to appear, although Marriott's counsel attempted to reach Defendant's counsel again (by telephone) last evening. Despite undersigned counsel's efforts and given Defendant's deposition conduct, Marriott seeks relief from this Court after weeks of effort, including two prior motions to compel, to get Defendant to comply with its discovery obligations in this Court.

---

[1] *See* Ex. A to Mem. In. Supp. of Mot. to Comp. DVC (October 18, 2022 email); Ex. B (deposition notice) and C (amended 30(b)(6) notice).

## ARGUMENT

1. This case involves the misuse of Plaintiff's MARRIOTT marks by Defendant and others.

2. Over two months ago, on September 1, 2022, Marriott served interrogatories (*see* Exhibit B to October 7, 2022 Motion to Compel) and document requests (*see* Exhibit C to October 7, 2022 Motion to Compel) on Defendant.

3. After Defendant failed to provide any written responses or produce any responsive documents, Marriott filed a Motion to Compel and noticed it for a hearing on October 14, 2022. *See* Dkt. Nos. 118 and 120. The day before the hearing, Defendant served unverified and partial interrogatory responses and only provided a written response to one of Marriott's *forty-six* document requests. *See* Dkt. 131-2. At the October 14, 2022, hearing, the Court advised the parties to confer and permitted Marriott to refile its motion if discovery issues remained unresolved. *See* Dkt. 126. Because counsel for Defendant failed to respond to the undersigned's numerous e-mails and voicemails regarding discovery issues discussed at the court-ordered meet and confer, Marriott filed its Second Motion to Compel and noticed it for a hearing on October 28. *See* Dkt. 130. History repeated itself—Defendant again filed deficient written discovery responses and an incomplete document production close in time to the hearing. *See* Dkt. 144. At the October 28 hearing, the Court warned Defendant that if Defendant did not comply with its discovery obligations by noon on November 2, default may be entered on the issue of liability. *See* Dkt. 142. Defendant provided deficient "responses" and failed to produce all responsive documents in connection to over forty discovery requests on November 2. The purported responses received from Defendant are attached as Exhibit D.

4. On October 18, 2022, counsel for Marriott asked for the availability of Defendant's

3

corporate representatives including Bruno Borra and Brooke Sutton. *See* Ex. A to Mem. In. Supp. of Mot. to Comp. DVC (October 18, 2022). Once Marriott confirmed defense counsel's availability, Marriott noticed the depositions of Defendant, Bruno Borra, and Brooke Sutton for November 3, 2022. *See id.*; Ex. B (deposition notices) and C (amended 30(b)(6) notice). On November 2, 2022, and in light of prior discovery difficulties with the Defendant, Marriott counsel asked counsel for Defendant to confirm that Bruno Borra and Brooke Sutton would appear for their depositions. Only one witness (Bruno Borra) appeared for deposition the next day. Ms. Sutton did not appear for her deposition.

5. With respect to its written discovery responses, Defendant's most recent attempt to cure the myriad issues is insufficient on its face. Defendant cuts and pastes the answers from its first (deficient) supplemental responses to interrogatories into a document entitled "Co-Defendant Dynast Marketing Group, LLC's Second Supplemental Response to Plaintiff's Interrogatories," so they suffer from identical defects.

6. And despite the Court's admonishment that Defendant must <u>separately</u> provide "full and complete responses" to each of Marriott's requests, Defendant provided a document which still does not respond to the separate interrogatories and document requests and provides only a few pages of documents in response to unidentified document requests. *See* Dkt. 142; Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."); Fed. R. Civ. P. 34(b)(2)(A) (noting that "[t]he party to whom the [document] request is directed must respond in writing") and B (requiring a response "[f]or each item").

7. Based on the sparse information provided, Marriott has learned that Defendant had relationships with other Group 1 Defendants Tafer Resorts and Vallarta Gardens, but fails to

produce the underlying contracts and communications and similarly refuses to state who executed the contract, what services were agreed to, what services were rendered as requested, and the identification of the persons involved. *See* Interrog. Nos. 3. and 4; Def's. Second Supp. Resp. (Nov. 2, 2022), at 2. And in response to interrogatories seeking information about Defendant's marketing tactics, Defendant concedes contractual relationships with unnamed "resorts" and admits to using a predictive dialer and a call center without identifying the requested information. *See* Interrog. No. 5; Def's. Sec. Supp. Resp. (Nov. 2, 2022), at 2-3. Defendant vaguely explains that phone numbers were obtained from "Facebook" and "Data Brokers" without identifying the brokers or how the information exchange occurred, and avoids any specifics. *See* Interrog. Nos. 4 and 6; Def's Sec. Supp. Resp. (Nov. 2, 2022), at 3. And Defendant continues to ignore Interrogatory No. 5 by failing to identify the persons with knowledge of the answer.

8. Despite Marriott's expressed concerns, Defendant continues to provide responses that cannot be reconciled, leading to additional concerns about the thoroughness of the responses. For example, in response to interrogatories concerning Defendant's use of the Marriott name, Defendant concedes that Marriott's name was only mentioned in a "pre-record[ed] voicemail drop." However, Defendant produced documents reflecting that Defendant expressly referenced Marriott in other advertising of vacation packages.

9. And in response to document requests, Defendant, again, does not respond to the individual requests, and refers to documents purportedly in its possession that have never been produced, including key contracts with the resorts. *See* Ex. D, at 2-3.

10. As revealed in Mr. Bruno's deposition, Defendant either refuses to provide responsive documents or claims no search was conducted for the documents. Those categories include: communications mentioning Marriott, documents showing number of Marriott calls and

numbers used to dial and numbers dialed, documents showing sales data and metrics of calls, records of consumer transactions during relevant period, and documents showing revenues and costs during relevant period. *See* Ex. D, at 2-3. Defendant Rapid Eagle produced documents reflecting conversations between it and Defendant referencing Marriott and call metrics data, but Defendant has not produced (or apparently searched for) such materials. In addition, Defendant acknowledges that it has a high chargeback rate, but does not produce sufficient chargeback records and records of consumer transactions (both are necessary in order to calculate the monthly chargeback rate.). While Defendant provided one chargeback document that is partially obscured (the columns were cut off), Defendant has not produced consumer transactions that the witness states do exist, and despite request, Defendant has not provided a legible copy of the one document noted above.

11. Several documents Defendant produced in the First Supplemental Responses refer to other, unproduced documents—and their relevance is apparent based on the file name and because the conversation is with another Group 1 Defendant, Tafer Resorts (e.g., "GB-Broker Contact Information_Tafer.xlsx", "Broker Rates Rates for Additionals 2021.pdf," "Reservation and verification process.docx," "Reservation Format.xlsx," and two contracts a Tafer employee references on May 23, 2022).

12. In a deposition on November 3, 2022, Defendant's principal Bruno Borra conceded that he had not produced other responsive documents, including communications with co-defendants detailing bookings by consumers who were contacted by Defendant, claiming burden. However, even if that were true, Defendant waived all objections by failing to lodge any objections to the discovery served months ago. Mr. Borra also refused to answer questions about relationship between other defendants (Tafer Resorts and Vallarta Gardens) and another call center.

13. Defendant's repeated failure to respond fully and completely to discovery requests and failure to appear at a deposition warrants not only an award of attorneys' fees and costs (including court reporter and videographer costs for failing to appear at a deposition) pursuant to Fed. R. Civ. P. 37(a)(5), but also the entry of default on liability as the Court warned Defendant of at the last hearing. Defendant's production of an unprepared 30(b)(6) witness also warrants sanctions. *See, e.g.*, *Humanscale Corp. v. CompX Intern., Inc.*, No. 3:09-cv-86, 2009 WL 5091648, at *1 (E.D. Va. Dec. 24, 2009).

14. For Defendant's abuse of the discovery process, including failing to produce a witness, the Court has inherent authority to sanction Defendant's conduct. *See Baker v. Key*, No. 2:15-cv-565, 2016 WL 11672047, at *3 (E.D. Va. Nov. 16, 2016).

15. Marriott has suffered prejudice as a result of Defendant's failure to adequately respond to discovery requests, answer questions on 30(b)(6) topics, and attend a properly noticed deposition.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Marriott's Third Motion to Compel, enter default against Defendant, award Marriott attorneys' fees and costs incurred in pursuing this motion, for attorneys' fees and costs associated with a deposition for which Defendant's witness did not appear (including court reporter and videographer costs), and grant such further relief as this Court deems just and proper.

Dated: November 4, 2022                    MARRIOTT INTERNATIONAL, INC.
                                           By counsel

                                           /s/ Attison L. Barnes, III
                                           Attison L. Barnes, III (VA Bar No. 30458)

David E. Weslow (for *pro hac vice*)
Kevin G. Rupy (for *pro hac vice*)
Duane C. Pozza (for *pro hac vice*)
Stacey J. LaRiviere (VA Bar No. 92354)
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law
dweslow@wiley.law
krupy@wiley.law
dpozza@wiley.law
slariviere@wiley.law

*Counsel for Plaintiff*
*Marriott International, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of November 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record and mailed first class, postage prepaid, to all remaining parties as follows:

| | |
|---|---|
| Oficinas Parrot Caribbean S.A. de C.V.<br>MONTECITO 38 PISO 33 OFICINA21<br>Napoles Benito Juárez 3810 | Deep Blue Desarrollos S. de R.L. de C.V.<br>d/b/a Vallarta Gardens Private Beach Club &<br>Spa Private Residence Club<br>Paseo Diaz Ordaz No. 530, Centro, Puerto Vallarta |
| Club Caribe Villa Del Palmar S.A. de C.V.<br>Xcaret, Manzana 2, Lote 5, Local 20,<br>Supermanzana 35, Benito Juárez, Quintana Roo | Cancun Ink Corp. S.A. de C.V.<br>ROSAS NO22 MZA. 24 SM. 22, Cancun Centro 77500 Benito Juarez, Quintana Roo |

/s/ Attison L. Barnes, III
Attison L. Barnes, III (VA Bar No. 30458)
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law

*Counsel for Plaintiff Marriott International, Inc.*