IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

MARRIOTT INTERNATIONAL, INC.,

     Plaintiff,

v.

DYNASTY MARKETING GROUP LLC,
*et al.*,

     Defendants.

Civil Action No. 1:21-cv-00610-AJT/JFA

**PLAINTIFF'S REPLY IN SUPPORT OF ITS THIRD MOTION TO COMPEL DISCOVERY
FROM DEFENDANT DYNASTY MARKETING GROUP LLC AND FOR SANCTIONS**

Plaintiff Marriott International, Inc. ("Marriott"), by counsel and pursuant to Fed. R. Civ.

P. 37 and the Local Rules of this Court, submits this Reply in Support of its Third Motion to

Compel and for sanctions against Defendant Dynasty Marketing Group LLC ("Dynasty" or

"Defendant") for continued failure to comply with the Court's directions.

**PRELIMINARY STATEMENT**

According to its own counsel and after multiple motions to compel, "[Dynasty] has

declined to fully comply with discovery and failed to produce an employee to testify for a

deposition." *See* Dkt. 166, Mot. to Withdraw ¶ 5.[1]  This pattern of noncompliance includes failing

to provide separate written responses to each discovery request (despite this Court's prior

warnings), failing to respond substantively and fully to requests to which no objections were filed,

---

[1] Although Counsel seeks to withdraw from representing Defendant for a second time, the Court
previously explained that a limited liability corporation, such as Defendant, must be represented
in Court. *See Vick v. Wong*, 263 F.R.D. 325, 328 (E.D. Va. Aug. 5, 2009) (internal citation omitted)
("[A] limited liability company ("L.L.C.") . . . cannot appear pro se, even if represented by one of
its members but must be represented by an attorney.").

cherry-picking a few documents for production, and failing to produce a witness for deposition. This Court permitted Dynasty multiple opportunities to cure known discovery deficiencies, but its responses and productions remain deficient, and Dynasty's refusal to provide a witness for deposition has continued.  Accordingly, Marriott repeats its request for sanctions and relief a fourth time.

## ARGUMENT

1.      The Court will recall that after service of written discovery requests on the Defendant: (a) no written objections were filed; (b) Dynasty failed to provide any written responses or documents on the due date for the responses, prompting Marriott's first motion to compel; (c) Dynasty did not file an opposition to the motion; (d) Dynasty's tardy responses provided after the first Court hearing were woefully insufficient, prompting a second motion to compel; (e) Dynasty did not file an opposition to the second motion, minimal documents were produced, and Dynasty still did not serve separate written responses to the requests; (f) in response to Marriott's third motion to compel, Dynasty filed a "Response" that does not deny, or even address, the discovery deficiencies noted by Marriott, but rather concedes in a contemporaneous motion to withdraw by counsel that "[Dynasty] has declined to fully comply with discovery . . . ." *See* Dkt. 166, Mot. to Withdraw ¶ 5.

2.      It is troubling that Dynasty has "declined" to comply with discovery obligations, as compliance is not an option, particularly after this Court warned Defendant at the last hearing that it would consider entry of default on liability upon a failure to comply.  Dynasty appears to have made a choice that, despite the Court's warning, it would intentionally "decline[]" to satisfy its obligations.

3.      As set forth in Marriott's Third Motion to Compel, Defendant also failed to produce

2

a witness for deposition.  Counsel, a court reporter, and a videographer appeared for the deposition, but the witness did not appear.  Since the filing of Marriott's Motion, Dynasty has not produced this witness, and indeed the contemporaneously-filed motion to withdraw acknowledges that Dynasty has "failed to produce an employee to testify for a deposition."  *See* Dkt. 166, Mot. to Withdraw ¶ 5.

4.       Almost a week after Marriott filed its third motion to compel Defendant to provide full and complete discovery responses and to produce all responsive documents, Defendant filed a response brief.  *See* Dkt. 165.[2]

5.       At approximately 4:00 p.m. on November 11, 2022, Defendant sent by e-mail a small production of largely duplicative content.  The documents produced fall far short of the documents requested, and still, Defendant did not provide *written responses* to each document request.  Fed. R. Civ. P. 34(b)(2)(A) (noting that "[t]he party to whom the [document] request is directed must respond in writing") and B (requiring a response "[f]or each item").  And still, none of the documents at issue in the second motion to compel have been produced.

6.       Compounding the Defendant's deficient written responses and failure to produce documents, Dynasty failed to produce a witness for deposition and its corporate designee did not prepare to testify on the Rule 30(b)(6) topics as required by the rules.  Marriott's motion described the failure to produce Ms. Brooke Sutton for deposition, and Dynasty filed no opposition to the motion on that issue.[3]

---

[2] In its Response to the Third Motion to Compel, Dynasty represents that its counsel attempted to set up three phone calls with Plaintiff's counsel.  It is unclear whether Defendant is referring to attempts related to prior motions to compel, but counsel for Marriott has continued to seek the cooperation of Dynasty on full and complete responses, as reflected in the attached e-mails. *See* Ex. A.  Marriott's counsel never heard back.

[3] Defendant cannot claim that Marriott only gave 24 hours' notice regarding the deposition of Ms. Sutton as Marriott contacted defense counsel about depositions of Mr. Borra and Ms. Sutton on

7.      With regard to the deposition of Defendant's corporate representative instead of endeavoring to produce a knowledgeable corporate representative, Defendant's corporate representative acknowledged under oath an utter lack of preparation regarding noticed 30(b)(6) topics, a failure to produce responsive documents in Defendant's possession, a failure to search for responsive documents, and simply refused to answer categories of questions.

8.      When asked what he did to prepare for the deposition, Mr. Borra did nothing to prepare other than look at the topics.[4]  *See* Ex. B, Borra Tr., at 14.  Mr. Borra also did not know the answer to questions related to numerous 30(b)(6) topics and had done no further investigation, including how many calls were made using the 4th of July message, *see* Ex. B, Borra Tr. at 69-70, how many calls were made using a voicemail that mentioned Marriott, *see* Ex. B, Borra Tr. at 146-48, chargeback rates between February of 2021 and June of 2021, *see* Ex. B, Borra Tr. at 153-54, the specific number of bookings from February 2021 to January of 2022, *see* Ex. B, Borra Tr. at 158-59, or the specific profits derived from telemarketing, *see* Ex. B, Borra Tr. at 173-74.  Mr. Borra also mentioned categories responsive documents, but conceded that he had not conducted a diligent search.  Those categories include call scripts, *see* Ex. B, Borra Tr., at 63, voice mail drops, *see* Ex. B, Borra Tr. at 65, contracts with VoIP providers, *see* Ex. B, Borra Tr. at 68, and communications with the autodialer company about the calls, *see* Ex. B, Borra Tr. at 87.  And when shown communications that another defendant produced, and discussing confirmation emails from resorts, invoices Defendant prepared for customers, and responsive documents shared with Tafer Resorts, Mr. Borra agreed he had these documents but did not produce them.  *See* Ex.

_____

October 18 and served formal notices on October 27, 2022 after obtaining availability.  *See* Dkt. 131-1, Exhibit A to Mem. in Supp. of Mot. to Comp., at 2 (Oct. 21, 2022); Dkt No. 142, Memo in Supp. of Mot. to Comp., at 3.

[4] The Rule 30(b)(6) topics are attached as Exhibit C.

B, Borra Tr. 81-82, *see* Ex. B., Borra Tr. at 90, *see* Ex. B, Borra Tr. at 163-64, *see* Ex. B, Borra

Tr. at 176, *see* Ex. B, Borra Tr. at 189.  Mr. Borra also had contracts with Vallarta Gardens and

Tafer Resorts that he refused to produce because "[he] didn't want to get [his] contracts canceled."

*See* Ex. B, Borra Tr., at 44.  And towards the end of the deposition, Mr. Borra flatly refused to

answer questions about other entities' marketing using the Marriott name who Mr. Borra believes

have contracts with Tafer Resorts and Vallarta Gardens.  *See* Ex. B, Tr. at 190-93.

9.      Defendant's repeated failure to respond fully and completely to discovery requests

and failure to appear at a deposition warrants not only an award of attorneys' fees and costs

(including court reporter and videographer costs for failing to appear at a deposition) pursuant to

Fed. R. Civ. P. 37(a)(5), but also the entry of default on liability as the Court warned Defendant of

at the last hearing.  Defendant's production of an unprepared 30(b)(6) witness also warrants

sanctions.  *See, e.g.*, *Humanscale Corp. v. CompX Intern., Inc.*, No. 3:09-cv-86, 2009 WL

5091648, at *1 (E.D. Va. Dec. 24, 2009).

10.     It is noteworthy that in its Response, Defendant concedes that it improperly used

Marriott's name in voicemails ("Once the Defendant Dynasty understood there was an issue with

the voicemail phone calls, they deleted Marriott's information.") and that Defendant used

Marriott's name on social media advertising.  *See* Dkt. 165, Opp. Br. at 1 ("The Defendant Dynasty

has previously used . . . #Marriott on some of it[s] Instagram or Facebook messages or posts. . .

.").

11.     For Defendant's abuse of the discovery process, including failing to produce a

witness, the Court has inherent authority to sanction Defendant's conduct.  *See Baker v. Key*, No.

2:15-cv-565, 2016 WL 11672047, at *3 (E.D. Va. Nov. 16, 2016).

12.     Marriott has suffered prejudice as a result of Defendant's failure to adequately respond to discovery requests, answer questions on 30(b)(6) topics, and attend a properly noticed deposition.

## CONCLUSION

For the foregoing reasons, this Court should grant Marriott's Third Motion to Compel, enter default against Defendant, award Marriott attorneys' fees and costs incurred in pursuing this motion, for attorneys' fees and costs associated with a deposition for which Defendant's witness did not appear (including court reporter and videographer costs), and grant such further relief as this Court deems just and proper.

Dated:  November 16, 2022                    MARRIOTT INTERNATIONAL, INC.
                                             By counsel


                                             /s/ Attison L. Barnes, III
                                             Attison L. Barnes, III (VA Bar No. 30458)
                                             David E. Weslow (for *pro hac vice*)
                                             Kevin G. Rupy (for *pro hac vice*)
                                             Duane C. Pozza (for *pro hac vice*)
                                             Stacey J. LaRiviere (VA Bar No. 92354)
                                             WILEY REIN LLP
                                             2050 M St. NW
                                             Washington, DC 20036
                                             Tel: (202) 719-7000
                                             abarnes@wiley.law
                                             dweslow@wiley.law
                                             krupy@wiley.law
                                             dpozza@wiley.law
                                             slariviere@wiley.law

                                             *Counsel for Plaintiff*
                                             *Marriott International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record and mailed first class, postage prepaid, to all remaining parties as follows:

| | |
|---|---|
| Oficinas Parrot Caribbean S.A. de C.V.<br>MONTECITO 38 PISO 33 OFICINA21<br>Napoles Benito Juárez 3810 | Deep Blue Desarrollos S. de R.L. de C.V.<br>d/b/a Vallarta Gardens Private Beach Club &<br>Spa Private Residence Club<br>Paseo Diaz Ordaz No. 530, Centro, Puerto<br>Vallarta |
| Club Caribe Villa Del Palmar S.A. de C.V.<br>Xcaret, Manzana 2, Lote 5, Local 20,<br>Supermanzana 35, Benito Juárez, Quintana Roo | Cancun Ink Corp. S.A. de C.V.<br>ROSAS NO22 MZA. 24 SM. 22, Cancun<br>Centro 77500 Benito Juarez, Quintana Roo |

/s/ Attison L. Barnes, III
Attison L. Barnes, III (VA Bar No. 30458)
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law

*Counsel for Plaintiff Marriott International, Inc.*